JUDGE ENGELMAYER

11 CIV 9039

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SONIA ECHEVARRIA,

                Plaintiff,

- against -

NEW YORK STATE NURSES ASSOCIATION,

                Defendants.
-----------------------------------------------------------------X

**Jury Trial Demanded**

**COMPLAINT**

RECEIVED
DEC 12 2011
U.S.D.C. S.D.N.Y.
CASHIERS

PLAINTIFF SONIA ECHEVARRIA ("Plaintiff" and/or "Echevarria"), by and through her attorneys, the Law Offices of Albert Adam Breud, P.L.L.C., complaining of Defendant New York State Nurses Association ("Defendant" and/or "NYSNA"), alleges as follows:

## PRELIMINARY STATEMENT

Plaintiff, a 58 year old Hispanic female of Puerto Rican national origin, with a hypothyroid condition, commences this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq. ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. Section 621, et seq. ("ADEA"), the Americans with Disabilities Act, 42 U.S.C. Section 12010, et seq. ("ADA"), the New York State Executive Law (the New York State Human Rights Law ("NYSHRL"), and New York City Administrative Code (the New York City Human Rights Law ("NYCHRL"), alleging age, race, national origin, and disability discrimination resulting in a wrongful termination of Plaintiff's employment as a Nursing and Labor Representative at NYSNA.

1

## JURISDICTION

1. This case arises out of violations of Title VII, the ADA, and the ADEA and presents federal questions pursuant to 28 U.S.C. Section 1331 and therefore this Court has jurisdiction over Plaintiff's claims.

2. Plaintiff's NYSHRL and NYCHRL claims arise out of the same case or controversy as Plaintiff's federal law based claims and therefore this Court has supplemental jurisdiction over said claims pursuant to 28 U.S.C. Section 1367(a).

## VENUE

3. A substantial amount of events giving rise to Plaintiff's claims occurred in New York County, New York State, within the Southern District of New York and this Court is hereby the proper venue.

## PARTIES

4. Plaintiff is a citizen of the United States and a domiciliary of New York State, residing in Richmond County.

5. NYSNA hails itself as "the professional membership, labor union and nursing education resource for Registered Nurses in New York State."

6. At all times relevant hereto, Plaintiff was "employed" by NYSNA as a Nursing and Labor Representative within the meaning of the definitions of Title VII, the ADA, the ADEA, the NYSHRL, and the NYCHRL.

7. At all times relevant hereto, Defendant was an employer as defined by Title VII, the ADA, the ADEA, the NYSHRL and the NYCHRL.

## FACTS

8. On or about March 2000, Echevarria commenced her employment at NYSNA as a Nursing and Labor Representative, working out of NYSNA's New York City location with an address of 120 Wall Street, New York, New York 10005.

9. Echevarria's duties while employed as a Nursing and Labor Representative at NYSNA included without limitation travelling throughout New York State for purposes of union organizing, advocating on behalf of NYSNA's members, and representing members of NYSNA in labor-management relations.

10. Echevarria was an exemplary employee and well received among the members of NYSNA.

11. NYSNA's upper management was entirely Caucasian.

12. During her employment at NYSNA, Echevarria suffered from, and continues to suffer from hypothyroidism.

13. Hypothyroidism is a physical condition of the endocrine system and usually associated with symptoms including but not limited to fatigue, sensitivity to cold weather, depression, muscle cramping, and joint pain.

14. On or about February, 2010 Plaintiff spoke with her supervisor Kathy Nowak ("Nowak") regarding Echevarria's concerns about her hypothyroidism and for the first time about potentially taking a leave of absence from NYSNA for treatment.

15. Echevarria again spoke with Nowak about taking a leave of absence for treatment of her hypothyroid condition in March 2010.

16. Rather than aid Echevarria by providing her with Family Medical Leave Act or short term disability applications, Nowak acted dismissively towards Plaintiff's concerns.

17. On or about April 13, 2010 Echevarria, along with other non-white, age 50 and over Nursing and Labor Representatives, was terminated by NYSNA just days short of vesting in NYSNA's retiree health insurance benefit.

18. NYSNA informed Echevarria that she was being terminated for violating the NYSNA confidentiality policy by disclosing union membership information to an unauthorized individual.

19. NYSNA's alleged non-discriminatory, legitimate business reason for terminating Echevarria's employment was clearly pretextual because Nowak herself violated NYSNA's confidentiality policy.

20. Prior to commencing this action, on October 8, 2010 Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging wrongful termination employment discrimination on the basis of her age, race, national origin, and disability.

21. Prior to commencing this action, Plaintiff received a Notice of Right to Sue from the EEOC and commenced the instant action within 90 days from her receipt of same.

### CAUSES OF ACTION "ONE" through "SIX"
### DISCRIMINATION UNDER TITLE VII, NYSHRL and NYCHRL

22: Plaintiff repeats and re-alleges the allegations contained in paragraphs "1" through "21" with the same force and effect as if same were set forth at length herein.

23. Plaintiff is a member of protected classes based upon her race and national origin.

24. Plaintiff was qualified for her position.

25. Plaintiff was subjected to adverse employment action when she was wrongfully terminated from her employment by Defendant.

4

26. Plaintiff's termination came about under circumstances that give rise to an inference of discrimination.

27. The wrongful termination of Plaintiff's employment was motivated in whole-or-in part by Plaintiff's race and national origin

28. Plaintiff sustained damages as a result of the wrongful termination.

## CAUSES OF ACTION "SEVEN" through "NINE"
## AGE DISCRIMINATION UNDER ADEA, NYSHRL and NYCHRL

29. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "28" with the same force and effect as if same were set forth at length herein.

30. Plaintiff is a member of a protected class.

31. Plaintiff was qualified for her position.

32. Plaintiff was subjected to adverse employment action when she, along with other Nursing and Labor Representatives, all age 50 and over, were wrongfully terminated.

33. Plaintiff's wrongful termination came about under circumstances that give rise to an inference of discrimination based upon Plaintiff's age.

34. Plaintiff sustained damages as a result of the wrongful termination.

## CAUSES OF ACTION "TEN" through "TWELVE"
## DISABILITY DISCRIMINATION UNDER ADA, NYSHRL and NYCHRL

35. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "34" with the same force and effect as if same were set forth at length herein.

36. Plaintiff had and has a physical impairment.

37. Plaintiff's physical impairment substantially limits one or more of Plaintiff's major life activities, including without limitation performing manual tasks, sleeping, standing, walking, and bending.

38. Defendant had actual and constructive notice of Plaintiff's disability.

39. Plaintiff was otherwise qualified to perform the essential functions of her position and a Nursing and Labor Representative with or without reasonable accommodation.

40. Plaintiff's wrongful termination was motivated in whole-or-in part because of her disability.

41. Plaintiff sustained damages as a result of the wrongful termination.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

1. Awarding Plaintiff actual damages in an amount to be proven at trial;

2. Awarding Plaintiff compensatory damages in an amount to be proven at trial;

3. Awarding Plaintiff damages for emotional and mental distress in an amount to be proven at trial;

4. Awarding Plaintiff punitive damages in an amount to be proven at trial;

5. Awarding Plaintiff front pay;

6. Awarding Plaintiff reasonable costs and disbursements, including attorney's fees pursuant to 42 U.S.C. § 1988; and,

7. For such other and further relief as the Court may deem just, equitable and proper.

Dated: Commack, New York
December 10, 2011

Law Offices of Albert Adam Breud, P.L.L.C.

By: Albert Adam Breud, II (AB 2355)
356 Veterans Memorial Highway
Suite 3
Commack, New York 11725
Telephone: (631) 543-3030, ex. 2
Facsimile: (631) 543-2888
Breudlaw@optonline.net
*Attorneys for Plaintiff*